CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY P. ELDER,                )  | |
|     Petitioner,                             )  | Case No. 7:25-cv-00730 |
| v.                                              )  | |
|                                                   )  | By: Michael F. Urbanski |
| CHADWICK DOTSON,             )  | Senior United States District Judge |
|     Respondent.                          )  | |

## MEMORANDUM OPINION

Timothy P. Elder, a Virginia inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Elder challenges the denial of his petitions for conditional release as a geriatric prisoner under Virginia Code § 53.1-40.01. For the following reasons, the petition is **DISMISSED** without prejudice.

### I.    Background

In 2005, Elder entered pleas of guilty to two counts of forcible sodomy and two counts of aggravated sexual battery in the Circuit Court for the City of Roanoke. He received a total term of imprisonment of 40 years. Pet., ECF No. 1, at 1; see also Elder v. Clarke, No. 7:13-cv-00500, 2014 U.S. Dist. LEXIS 126951, at *2 (W.D. Va. Sept. 8, 2014).

Elder alleges that he is eligible for conditional release under Virginia Code § 53.1-40.01. This statute permits a prisoner "serving a sentence imposed upon a conviction for a felony offense, other than a Class 1 felony, (i) who has reached the age of sixty-five or older and who has served at least five years of the sentence imposed or (ii) who has reached the age of sixty or older and who has served at least ten years of the sentence imposed" to "petition the Parole Board for conditional release." Va. Code Ann. § 53.1-40.01. The statute "grants the [Parole] Board discretion to promulgate regulations implementing the geriatric release program."

Burnette v. Fahey, 687 F.3d 171, 175 (4th Cir. 2012). The Parole Board's "written policy permits it to release an inmate under the geriatric release program only upon a finding of 'compelling reasons.'" Id.

Eller indicates that he has unsuccessfully petitioned for conditional release under the geriatric release provision on multiple occasions Pet. at 6. He claims that he has not received a "full, fair and balanced parole hearing." Id.

Eller alleges that he previously filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed in March 2025. Id. at 4. In that petition, Eller challenged whether the Parole Board's "practices with respect to parole hearing[s] are . . . in compliance with due process requirements by state law, and also equal protection under the Fourteenth Amendment." Id.

## II. Discussion

Elder now seeks relief under 28 U.S.C. § 2254. This "habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (quoting Wilson v. Corcoran, 562 U.S. 1, 5 (2010)); 28 U.S.C. § 2254(a). A petition filed under this statute must "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2, Rules Governing Section 2254 Cases in the United States District Courts ("Rules Governing § 2254 Cases"). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the court must dismiss the petition. Rule 4, Rules Governing § 2254 Cases.

Elder's petition fails to plausibly allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254)(a). "It is well-established in the context of parole that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" Burnette, 687 F.3d at 181 (quoting Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979)). "Because the decision whether to grant parole [in Virginia] is a discretionary one, 'a prisoner cannot claim entitlement and therefore a liberty interest in . . . parole release.'" Id. (quoting Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc)). Instead, Virginia law only "gives rise to a limited interest in consideration for parole." Id.; see also Bowling v. Va. Dep't of Corr., 920 F.3d 192, 200 (4th Cir. 2019) ("Because Virginia law gives rise to an expectation of parole proceedings, the Commonwealth has created a liberty interest in parole consideration.") (footnote omitted). "To satisfy the due process requirements triggered by this liberty interest, a parole board need only provide an offender an opportunity to be heard and a 'statement of reasons indicating . . . why parole has been denied.'" Bowling, 920 F.3d at 200 (quoting Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986)). "Beyond this, [the United States Court of Appeals for the Fourth Circuit has] declined to hold that, as a constitutional matter, each prisoner must receive a personal hearing, have access to his files, or be entitled to call witnesses in his behalf to appear before the [Parole] Board." Burnette, 687 F.3d at 182 (internal quotation marks omitted).

While Elder is obviously dissatisfied with the Parole Board's decision to deny his petitions for geriatric release, he does not allege that the Parole Board failed to provide him

3

with "an opportunity to be heard" or "a statement of reasons" for its decision.* Bowling, 920 F.3d at 200 (internal quotation marks omitted). Consequently, Elder has not alleged facts sufficient to support a claim for denial of due process.

To the extent Elder's petition also refers to "equal protection under the Fourteenth Amendment," Pet. at 4, the conclusory reference to this provision is insufficient to state a viable claim for relief under § 2254. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (noting that "vague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court") (internal quotation marks omitted); see also Diaz v. Kopp, 146 F.4th 301, 308 (2d Cir. 2025) (explaining that "conclusory allegations are insufficient to state a viable claim for habeas relief") (citing Rules 2(c)(2), 4, Rules Governing § 2254 Cases).

### III. Conclusion

For the reasons stated, Elder's petition is **DISMISSED** without prejudice for failure to state a viable claim for habeas relief. An appropriate order will be entered.

Entered: November 3, 2025

Michael F. Urbanski
U.S. District Judge
2025.11.03 16:38:32
-05'00'

Michael F. Urbanski
Senior United States District Judge

---

* The Parole Board's Decisions for June 2025 indicate that Elder's most recent petition was denied based on the "[s]erious nature and circumstances" of his convictions for sodomy and aggravated sexual battery and the determination that "[r]elease at this time would diminish [the] seriousness" of his crimes. Parole Decisions for June 2025, available at https://vpb.virginia.gov/media/vfcacuto/vpb-june-2025-decisions.pdf (last accessed Oct. 30, 2025).